BANK ONE TRUST COMPANY NA, a corporation; Bank One Corporation, a corporation, e/s/a Bank One NA, Third-party-plaintiffs—Appellants,

v.

ALMA PRODUCTS I, INC., a Michigan corporation, Third-party-defendant—Appellee,

Alma Products I, Inc., a Michigan corporation, Third-party-plaintiff—Appellant,

v.

Emmet E. Tracy, Jr.; Denice T. Summers; Mary Kay Farley, Third-party-defendants—Appellees.

Nos. 03–56981, 03–56982.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 2005.

Decided June 24, 2005.

Timothy L. Joens, Esq., Timothy L. Joens & Associates, Irvine, CA, Thomas J. Ward, Esq., Ward Associates, Washington, DC, for Plaintiff.

George V. Genzmer, III, Esq., Tina D. Varjian, Esq., Murchison & Cumming, Los Angeles, CA, for Third–Party–Defendant–Appellee.

Richard S. Ruben, Esq., Darren K. Cottriel, Esq., Pillsbury Winthrop Shaw Pittman LLP, Costa Mesa, CA, for Third–Party–Plaintiffs–Appellants.

George E. Schulman, Esq., Danning Gill Diamond and Kollitz, Los Angeles, CA, for Third–Party–Defendants–Appellees.

Before: B. FLETCHER, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

In these two consolidated appeals, three of the four parties involved in underlying litigation for breach of contract, breach of fiduciary duty, and related claims, now dispute who has to pay the lawyers and how much. The case is more complicated

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to explain than to resolve, and so we discuss the facts, which are well-known to the parties, as sparingly as possible.

The four parties involved in the underlying litigation were: (1) Tracy Industries, Inc. (formerly Alma Piston Company) (hereinafter "Tracy"), (2) Bank One Trust Company, N.A. and Bank One, N.A. (formerly NBD Bank) (collectively "Bank One"), (3) Alma Products I, Inc. (formerly Alma Products Holdings, Inc.) (hereinafter "Alma"), and (4) Emmet E. Tracy, Jr., Denice T. Summers, and Mary Kay Farley (collectively the "Shareholders' Representatives"). The two sets of claims relevant to these appeals are as follows: Bank One, the defendant (and prevailing party) in the underlying action brought by Tracy, sought attorney's fees from Alma under the Escrow Agreement (the "Agreement") into which Tracy, Bank One, and Alma had entered, and which was the subject of Tracy's underlying breach of contract action against Bank One. Bank One sought attorney's fees under two different provisions of the Agreement—section 5, a fee-shifting provision for disputes under the Agreement; and section 7(viii), a provision requiring Tracy and Alma jointly and severally to indemnify Bank One for "all losses, costs, expenses, including attorney's fees, which may be incurred by it as a result of its involvement in any litigation arising from the performance of its duties" under the Agreement.[1] Alma, asserting a theory of equitable indemnity, in turn sought attorney's fees from the three individuals (the Shareholders' Representatives) who Alma claims were responsible for the disputed transaction giving rise to the underlying litigation.[2]

After entering judgment for Bank One in the underlying action, the district court awarded Bank One some (but not all) of its attorney's fees from Tracy Industries under section 5 and denied Bank One's attorney's fees claim against Alma under that section. The court dismissed as moot Bank One's indemnity claims against Tracy and Alma under section 7(viii) and Alma's equitable indemnity claim against the Shareholders' Representatives.

Bank One informs us that, before the appeal deadline, Tracy agreed to pay Bank One 90% of the district court's fee award in exchange for Bank One's agreement not to appeal the award of fees against Tracy in pursuit of a higher award. It is for this reason Tracy is not a party to the case on appeal. Bank One does, however, appeal the dismissal of its indemnity claim (under section 7(viii)) against Alma, and Alma appeals the dismissal of its equitable indemnity claim against the Shareholders' Representatives. We have jurisdiction under 28 U.S.C. § 1291.

*First.* The district court's unexplained dismissal for mootness of Bank One's indemnity claim against Alma under section 7(viii) of the Agreement was clearly inappropriate. "A case loses its quality as a present, live controversy and becomes moot when there can be no effective relief." *San Lazaro Ass'n, Inc. v. Connell,* 286 F.3d 1088, 1095 (9th Cir.2002) (citation and internal quotation marks omitted). Both at the time of the mootness dismissal and at the present time, Bank One has a live claim under section 7(viii) against Alma to indemnify it for all its expenses, including attorney's fees, incurred in defending Tracy's underlying action challenging Bank One's performance under the

---

**1.** Bank One's claims against Alma are the subject of the appeal in *Bank One v. Alma Products,* No. 03–56981. As explained below, Tracy is not a party to this appeal.

**2.** Alma's claim against the Shareholders' Representatives is the subject of the appeal in *Alma Products v. Tracy et al.,* No. 03–56982.

Agreement. Effective relief—attorney's fees—could and still can be granted. It is irrelevant that Bank One has obtained some of its attorney's fees from Tracy. *See* Restatement (Second) of Contracts § 294(1)(b) ("[W]here the obligee of promises of the same performance discharges one promisor by release, rescission or accord and satisfaction, ... co-promisors who are bound by joint and several duties ... are not discharged....").

*Second.* Under the Escrow Agreement, Bank One is entitled to indemnification for substantially "all" of its attorneys fees, subject only to basic review for obvious error, duplication, or outrageousness. Although the amount the district court actually awarded against Tracy as reasonable is not subject to reversal because Bank One elected, pursuant to settlement, not to appeal the award against Tracy, the district court must reassess the overall amount of attorney's fees to which Bank One is entitled when it considers Alma's liability under the indemnity clause of the Agreement.

*Third.* The district court must adjudicate Alma's claim against the Shareholders' Representatives for equitable indemnity.

We reverse the mootness dismissals of the indemnity claims and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.